UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
JEAN MARIE BARTON, *et al.*,                      )
                                Plaintiffs,       )       Case No. C13-0808RSL
        v.                                                         )
                                               )       ORDER GRANTING DEFENDANTS'
JPMORGAN CHASE BANK, N.A., *et al.*,      )       MOTIONS TO DISMISS
                               Defendants.   )
_____)

This matter comes before the Court on the "Chase Entities' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)" ( Dkt. # 8) and Quality Loan Service Corporation's joinder therein (Dkt. # 9). Defendants argue that plaintiffs have failed to adequately plead their causes of action and therefore seek dismissal of all claims with prejudice.[1] In response, plaintiffs request appointment of counsel, but do not address defendants' arguments other than to deny any indebtedness and to demand a right to question defendants at trial. Having reviewed the memoranda, declaration, and exhibits submitted by the parties, the Court finds as follows:

**A. Motion to Dismiss**

To the extent plaintiffs are attempting to hold defendants liable for wrongs allegedly occurring during the negotiation and closing of the loans, they have failed to state a

---

[1] An almost identical complaint was dismissed without prejudice by the Honorable John C. Coughenour earlier this year when plaintiffs failed to oppose the Chase Entities' motion to dismiss. <u>Barton v. JPMorgan Chase Bank N.A.</u>, C12-1772JCC (Dkt. # 12, Jan. 28, 2013).

ORDER GRANTING DEFENDANTS'
MOTIONS TO DISMISS

claim upon which relief can be granted.  The Chase Entities acquired plaintiffs' loans through a purchase and assumption agreement with the FDIC.  No additional approval, assignment, or consent was necessary to affect the transfer.  12 U.S.C. § 1821(d)(2)(G)(i)(II).  Any liabilities arising from the way the loans were negotiated and/or structured remained with the FDIC:  the named defendants cannot be held responsible for claims related to the origination of the loan under any of the theories mentioned in plaintiffs' complaint.

Nor have plaintiffs plausibly alleged that the Chase Entities had a duty to modify their loan, that defendants failed to respond to a qualified written request under RESPA and/or that such failure damaged plaintiffs, that defendants engaged in fraud, misrepresentation, or criminal profiteering, that plaintiffs are entitled to quiet title, that the promissory note or deed of trust was breached, or that any of the other statutes mentioned in the complaint are applicable in the circumstances presented here.  Plaintiffs' theory of the case appears to be that, because the Chase Entities refused to produce the original, "wet ink" promissory note in Seattle upon demand, the note somehow ceased to exist and there is no contractual obligation or indebtedness running from plaintiffs to the Chase Entities.  Dkt. # 10 at 3.  Standing alone, the fact that the Chase Entities refused to produce the original note for inspection does not raise an inference that they do not possess the original.  Original promissory notes are bearer paper:  the holder of the note has the right to collect payments thereunder according to its terms.  It is hardly surprising that original notes are not bandied about or otherwise put at risk of loss or destruction.  Absent some factual allegations that raise a plausible inference that the original note is missing or otherwise not in the lender's possession, the Chase Entities will not be required to place the original document at risk simply to satisfy plaintiffs' unfounded curiosity or misguided hopes.

In response to plaintiffs' inquiries, the Chase Entities provided a copy of the signed note and a copy of the deed of trust.  Copies are regularly accepted as admissible evidence of the original documents, and plaintiffs offer nothing that throws doubt on the authenticity of these documents.  In the circumstances presented here, the Chase Entities may

ORDER GRANTING DEFENDANTS'
MOTIONS TO DISMISS                                    -2-

properly rely on a copy of the note as evidence of the underlying indebtedness. Plaintiffs' stubborn insistence that they are entitled to production of the original note on demand does not state a plausible claim for relief under any of the theories mentioned in their complaint.

**B.  Request for Appointment of Counsel**

Unlike indigent defendants in criminal cases, civil litigants have no constitutional right to counsel at the expense of another. Although the judiciary will sometimes request that members of the bar assist plaintiffs, it does so only when presented with "such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1). When determining whether to appoint counsel, the courts of the Ninth Circuit generally consider whether the litigant has the resources to pursue the case, whether the litigant has made efforts to obtain counsel on his or her own, and whether there is a colorable claim. Bradshaw v. Zoological Society of San Diego, 662 F.2d 1301, 1318 (9th Cir. 1981).

Plaintiffs have provided no information regarding their financial circumstances or attempts to find counsel. The third Bradshaw factor also supports the denial of plaintiffs' request for appointment of counsel. The "indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time." Castner v. Colorado Springs Cablevision, 979 F.2d 1417, 1421 (10th Cir. 1992). Plaintiffs' attempts to hold defendants liable for wrongs allegedly occurring at the origination of the loan and their other theories of liability are fundamentally flawed: in the absence of a colorable claim, the Court is unwilling to impose the costs of this litigation on itself or the private bar.

**C.  Leave to Amend**

Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). There is a "strong policy in favor of allowing amendment" after "considering four factors: bad faith, undue delay, prejudice to the opposing party, and the futility of amendment." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994). The Ninth Circuit also takes

ORDER GRANTING DEFENDANTS'
MOTIONS TO DISMISS                -3-

into consideration whether plaintiff has previously amended the complaint. Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004). The underlying purpose of Rule 15 is "to facilitate decision on the merits, rather than on the pleadings or technicalities." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). However, if the proposed amendment would be futile (*i.e.*, it would be immediately subject to dismissal if challenged under Rule 12(b)(6)), there is no reason to put defendants through the unnecessary expense and delay of responding to the amendment. Nordyke v. King, 644 F.3d 776, 787 n.12 (9th Cir. 2011).

The claims asserted in this litigation are identical to those presented in Barton v. JPMorgan Chase Bank N.A., C12-1772JCC. When the Chase Entities moved to dismiss that complaint, plaintiffs chose not to respond, resulting in a dismissal without prejudice. Plaintiffs made no attempt to address or correct any of the deficiencies identified by defendants, instead filing a second version of the same complaint in this action (the only alteration being the inclusion of a request for appointment of counsel). As discussed above, plaintiffs' underlying theory of the case fails as a matter of law and there is no indication that any additional facts or claims could be pled if plaintiffs were given another chance to revise their complaint. See In re Vantive Corp. Sec. Litig., 283 F.3d 1079, 1098 (9th Cir. 2002), abrogation on other grounds recognized by South Ferry LP, No. 2 v. Killinger, 542 F.3d 776, 784 (9th Cir. 2008). Because plaintiffs' claims are based on defective theories and the record suggests continuing futility, leave to amend will not be given.

For all of the foregoing reasons, defendants' motions to dismiss with prejudice are GRANTED. Because there is no indication that defendant "American Title" has been served and there are no allegations of wrongdoing against that entity, the Clerk of Court is directed to enter judgment against plaintiffs and in favor of defendants.

1  Dated this 9th day of October, 2013.

2

3  Robert S. Lasnik
   United States District Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER GRANTING DEFENDANTS'
MOTIONS TO DISMISS                -5-